## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1. CHRIS POINDEXTER<br>2. PRIDEX CONSTRUCTION, L.L.C.<br><br>  Plaintiffs,<br><br>v.<br><br>1. JACK STUTEVILLE, Mayor, City of Kingfisher, Oklahoma<br>2. FIRST CAPITAL BANK<br>3. RANDY MECKLENBURG<br>4. MICHAEL MECKLENBURG<br>5. TMC CONSTRUCTION COMPANY, INC.<br>6. JARED HARRISON, City Attorney, City of Kingfisher, Oklahoma<br>7. RICHARD REYNOLDS, City Manager, City of Kingfisher, Oklahoma<br>8. THE UNDERWRITERS GROUP, INC.<br>9. LARRY G. WRIGHT,<br><br>  Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. CIV-12-31-M<br><br>Jury Trial Demanded |

## VERIFIED COMPLAINT

Plaintiff, Pridex Construction L.L.C. and Christopher Poindexter (collectively "Plaintiffs"), in support of its Complaint against Defendants jack Stuteville, Mayor, City of Kingfisher, Oklahoma, First Capital Bank, Randy Mecklenburg, Michael Mecklenburg, TMC Construction Company, Inc., Jared Harrison, City Attorney, City of Kingfisher, Oklahoma, Richard Reynolds, City Manager, City of Kingfisher, Oklahoma, The Underwriters Group, Inc., and Larry G. Wright, states and alleges as follows:

1.      The allegations contained in this Complaint are made on the basis of personal knowledge to the extent they relate to the Plaintiffs and certain matters alleged below, and upon the basis of information, belief, and reasonable investigation as to other matters alleged below:

**PRELIMINARY STATEMENT**

2.     Defendants have, through office and influence, controlled, directed, and through an illegal scheme and fraudulent course of conduct, abused the bid selection, submission, and approval process for the City of Kingfisher, Kingfisher County, Oklahoma ("Illegal Scheme").

3.     Defendants have been enriched, both directly and indirectly, through the successful implementation of the Illegal Scheme.

4.     As detailed below, the Illegal Scheme in which Defendants engaged amounted to, non-exclusively, bid-rigging, fraud, negligent misrepresentation, breach of contract, conspiracy, breach of duties, self-dealing, and a corrupt practice and pattern of racketeering activity in violation of the Racketeering Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961, et seq. ("RICO").

5.     Defendants used other devices, schemes and artifices to defraud Plaintiffs and others and to perpetuate the Illegal Scheme by causing certain bid and proposals to be delayed and/or disapproved and wrongfully directing appropriations, funding, and projects to Defendant TMC Construction. Defendants executed those schemes and artifices to defraud by causing matters to be mailed and delivered by the United States Postal Service, and by causing sounds and electronic data to be transmitted by means of wire communications in interstate commerce. Defendant committed multiple acts of mail fraud, indictable under 18 U.S.C. § 1341, and wire fraud, indictable under 18 U.S.C. § 1343, each of which constituted "racketeering activity" within the meaning of 18 U.S.C. § 1961(1), and all of which collectively constituted part of a "pattern of racketeering activity" within the meaning of 18 U.S.C. § 1961(5).

6.     Defendants' conduct violated the Oklahoma Public Competitive Bidding Act, 61 Okla. Stat. § 101 et seq.

7.     Defendants conduct violated federal competitive bidding requirements. *See e.g.*, 23 U.S.C. § 101 et seq.

## JURISDICTION AND VENUE

8. This Court also has jurisdiction over this action under 28 U.S.C.A. § 1331, 15 U.S.C.A. § 15, and 18 U.S.C.A. § 1964(c), in that this is a civil action that arises under the laws of the United States and, in particular, RICO. This Court also has jurisdiction over this action pursuant to 28 U.S.C.A. § 1367 because the l claims asserted in this Complaint that arise under the laws of [name of state] are so related to the Federal claims in this action that they form part of the same case or controversy.

9. Venue is properly laid in this District pursuant to 28 U.S.C.A. § 1391(a) and 28 U.S.C.A. § 1391(b) because a substantial part of the events or omissions that gave rise to Plaintiff's claims took place in this judicial district.

## PARTIES

10. Plaintiff, Chris Poindexter, is a citizen of the State of Oklahoma and resident of Kiowa County, Oklahahoma. Poindexter is the President of Pridex Contruction, LLC.

11. Pridex Contruction, LLC ("Pridex") is an Oklahoma LLC with its principle place of business in Kiowa County, Oklahoma.

12. Defendant, Jack Stuteville, is the Mayor of the City of Kingfisher, Kingfisher County Oklahoma. Mr. Stuteville is also the Chairman and CEO of First Capital Bank, located in Kingfisher, Oklahoma.

13. Defendant, Randy Mecklenburg, is a long-time friend of Defendant Jack Stuteville. Randy Mecklenburg is a partner in the law firm of Harrison and Mecklenburg, Inc. Randy Mecklenburg serves on the Board of Directors of First Capital Bank. Randy Mecklenburg is the father of Defendant Michael Mecklenburg.

14. Defendant, TMC Construction, Inc., is an Oklahoma Corporation with its principle place of business in Kingfisher County, Oklahoma.

15. Defendant, Michael Mecklenburg, is a resident of Kingfisher County and is the owner and President of TMC Construction, Inc.. Michael Mecklenburg is the son of Defendant Randy Mecklenburg.

16. Defendant, Jared Harrison, is the City Attorney of the City of Kingfisher. Jared Harrison is the law partner of Randy Mecklenburg and partner in the firm of Harrison and Mecklenburg, Inc.

17. Defendant, Richard Reynolds, is the City Manager of the City of Kingfisher.

18. Defendant, The Underwriters Group, is, upon information and belief, a Florida corporation with its principle place of business in Duval County, Florida.

19. The Underwriters Group purports to be and was represented by Defendant Stuteville to be a bonding company authorized to do business, write bonds, and conduct insurance activities in the State of Oklahoma.

20. Defendant, Larry G. Wright, is, upon information and belief, a resident of the State of Florida and the President and/or CEO of The Underwriters Group.

21. The Defendants participated in concert in both the predicate acts of the Illegal Scheme and in other activities for the claimed benefit of the City of Kingfisher. Defendants' prior and present actions constitute an enterprise for the purposes of RICO.

22. The Defendants operated and continue to operate in a coordinated manner, successfully working toward the common goal of enriching themselves at the expense of Plaintiffs, other contractors, and the citizens of the City of Kingfisher.

**RELEVANT NON-PARTIES**

23. Michael Matthews is contractor, a citizen of the State of Oklahoma, and a resident of Kingfisher County, Oklahoma. Upon information, belief, and reasonable investigation, Mr.

Matthews asserts that he has been subjected to the same or substantially similar Illegal Scheme which was designed to and did benefit the named Defendants by wrongfully awarding contracts to TMC. Matthews is expected to join in this action or bring a similar action in this Court.

24. John Storm, Jerry Copeland, Steve Sanders, Danica Kramer, Meliah Ratcliff, Jimmie Koehn, Nick Storm, Lisa Storm, Fern Storm, and Donald McMullin are, upon information and belief, citizens of the State of Oklahoma and residents of Kingfisher County, having complained in the form of a Written Petition to the City Counsel of Kingfisher concerning the invalidity and impropriety of the bid selection process engaged in by some or all of the named Defendants and related to bids awarded to Defendant TMC (see attachment A to this Complaint).

## FACTS COMMON TO ALL CLAIMS

25. On or about February 21, 2011, the City of Kingfisher solicited bids for the West Bottom Storm Water Project ("West Bottom Project").

26. On or about February 22, 2011, Chris Poindexter, on behalf of Pridex, attended a Pre-Bid Conference at the Kingfisher City Hall.

27. Poindexter made multiple trips to Kingfisher in preparation for submission of the bid, meeting repeatedly with local parties to be affected by the project and City of Kingfisher officials.

28. On March 8, 2011, Pridex submitted a bid of $476,646.00 on the West Bottom Project to the City of Kingfisher, along with a cashier's check in the amount of $23,823.32 to comply with the requirement of providing a 5% bid bond.

29. On March 8, 2011, the bids were unsealed and it was confirmed that Pridex was the lowest bidder.

30. Redlands Construction was the next lowest bidder.

31. Defendant TMC was the third lowest bidder, bidding approximately $200,000 more than Pridex.

32. On March 9, 2011 a bid analysis and recommendation of award was issued, recommending the contract be awarded to Pridex.

33. Pridex began mobilizing equipment and pricing a Performance and Maintenance Bond.

34. Pridex offered a cash bond, which Defendant City Attorney Harrison found unacceptable.

35. Defendant Stuteville contacted Poindexter repeatedly and inquired as to whether Poindexter was interested in selling his equipment to "a friend" of Stuteville's. On the final of the series of calls, Stuteville sought confirmation that if the equipment was sold, Pridex would be unable to complete the job. When Poindexter confirmed that Pridex would purchase updated equipment and complete the job, the "interest" of Stuteville and his "friend" ceased.

36. Poindexter, on behalf of Pridex, proposed numerous bonds and bonding companies, including Lloyd's of London, all of which would have satisfied the requirements of the bid and which were rejected by Defendant Harrison on behalf of the City of Kingfisher.

37. In early April, 2011, Poindexter had a meeting with Defendants Stuteville and Reynolds, during which both emphasized the need for an expeditious presentation of a Performance and Maintenance Bond. Poindexter advised that he had been approved by Lloyd's of London, but Stuteville told Poindexter that he knew a bonding company, The Underwriters Group, that would write the bond and be acceptable to the City. To that end, Stuteville advised that he could be "a facilitator" and steered Poindexter to Defendant Dr. Larry Wright, purported head of Defendant The Underwriters Group.

38. Upon information and belief, the purpose of Stuteville's steering and direction of Poindexter to The Underwriters Group was to financially cripple Poindexter and Pridex and to delay Pridex's presentation of the Performance and Maintenance Bond.

39. The purpose of Stuteville's steering and direction of Poindexter to The Underwriters Group was to financially cripple Poindexter and Pridex and to delay Pridex's presentation of the Performance and Maintenance Bond.

40. The following day, Defendant Wright, after having spoken with Defendant Stuteville, advised Poindexter that The Underwriters Group would issue the bond and that Poindexter needed to send by overnight mail: $19,059 for the bond premium and $50,000 security deposit. Poindexter complied on April 6, 2011.

41. On April 7, 2011, Poindexter presented copies of the cashier's checks to Defendant Reynolds, who instructed Poindexter that because of good weather and the short time before wheat harvest, Pridex should begin the project and authorized the use of numerous city services to support the initiation of the project.

42. Reynolds was well aware that the Pridex had begun the West Bottom Project and encouraged the continuation of Pridex's work.

43. During the work on the West Bottom Project, Reynolds called Poindexter to a meeting with the City Council. Defendant Mike Mecklenburg was present. Reynolds informed Poindexter that his bond from The Underwriters Group would be unacceptable. Defendant Mike Mecklenburg, owner of Defendant TMC, complained that construction should not have begun without the bond in place.

44. At an subsequent emergency meeting of the City Council, Reynolds denied having authorized Pridex to begin work on the Project. The City Council advised that Pridex had ten (10) days to provide an acceptable bond.

45. The City Fire Chief, Plaintiff Poindexter's brother, Randy Poindexter, attended the emergency City Council meeting. Following the meeting, Fire Chief Poindexter found that all of the glass on his vehicle, including the windshield, had been smashed and broken.

7

46. Ten (10) days later, the bond was delivered by Defendant Wright and Defendant The Underwriters Group to a location in Lone Wolf, Oklahoma, three (3) hours from Kingfisher.

47. Poindexter was able to get the bond hand delivered to City Hall just before City Hall closed.

48. Without further explanation, Reynolds informed Poindexter that the bond was "not going to work".

49. The City Council, acting on advice from Stuteville, Reynolds, and Harrison, terminated the Notice of Award to Pridex and awarded the bid to Defendant TMC Construction.

50. Defendants Underwriters Group and Wright have failed and refused to return the funds submitted by Pridex and Poindexter, despite acknowledging the obligation to do so.

51. The City of Kingfisher has refused to return the bid bond submitted by Pridex.

52. The Defendants are co-conspirators in the Illegal Scheme which resulted in direct financial enrichment to some and quid pro quo participation in the awarding and funding of public works projects to others, to enrich the value of the land and/or other holdings of the remaining Defendants.

53. The Defendants were each enriched directly or indirectly through their co-conspiracy.

**Count I: Violation of Racketeer Influenced and Corrupt Organizations Act**
           **18 U.S.C. §§ 1961 et seq. (all Defendants except City of Kingfisher)**

54. Plaintiffs incorporate Paragraphs 1-53, *supra*.

55. The Defendants conducted or participated, directly or indirectly, in the conduct of the affairs of an enterprise—including the award of contracts by using and misusing the governmental mechanism of the City of Kingfisher—through a pattern of racketeering activity, in violation of RICO

56. The activities engaged in by the defendants constituted a "pattern of racketeering activity," as that term is defined in 18 U.S.C.A. § 1961(5), in that many of the activities of defendants constitute bid-rigging and mail fraud, in violation of 18 U.S.C.A. § 1341, and wire fraud, in violation of 18 U.S.C.A. § 1343.

57. Defendants are each a "person" within the meaning of 18 U.S.C. § 1961(3).

58. The enterprise and the pattern of racketeering activity directly affected interstate commerce.

59. Plaintiffs suffered substantial actual damages as a result of Defendants' violation of RICO and are entitled to collect treble those damages, plus costs and attorney's fees.

**Count II: Tortious Interference with Contract (all Defendants except City of Kingfisher)**

60. Plaintiffs incorporate Paragraphs 1-53, *supra*.

61. The Allegations of Paragraphs 1-53, *supra*, state a cause of action for Tortious Interference with Contract against all Defendants except the City of Kingfisher.

62. As a result of the wrongful acts of all Defendants, except the City of Kingfisher, Plaintiffs have suffered damages in an amount to be proved at trial, but in no circumstances less than $75,000, and Plaintiffs are further entitled to their costs and to punitive damages.

**Count III:  Intentional Interference with Prospective Economic Advantage**
           **(all Defendants except City of Kingfisher)**

63. Plaintiffs incorporate Paragraphs 1-53, *supra*.

64. The allegations of Paragraphs 1-53, *supra*, state a cause of action for Wrongful Interference with Business Expectancy against all Defendants except the City of Kingfisher.

65. As a result of the wrongful acts of all Defendants, except the City of Kingfisher, Plaintiffs have suffered damages in an amount to be proved at trial, but in no circumstances less than $75,000, and Plaintiffs are further entitled to its costs and to punitive damages.

**Count IV: Fraud (all Defendants except City of Kingfisher)**

66. Plaintiffs incorporate Paragraphs 1-53, *supra*.

67. The allegations of Paragraphs 1-53, *supra*, state a cause of action for Fraud against all Defendants except the City of Kingfisher.

68. As a result of the wrongful acts of all Defendants, except the City of Kingfisher, Plaintiffs have suffered damages in an amount to be proved at trial, but in no circumstances less than $75,000, and Plaintiffs are further entitled to its costs and to punitive damages.

**Count V: Breach of Contract (City of Kingfisher)**

69. Plaintiffs incorporate Paragraphs 1-53, *supra*.

70. The allegations of Paragraphs 1-53, *supra*, state a cause of action for Breach of Contract against the City of Kingfisher.

71. As a result of the wrongful acts of all Defendants, except the City of Kingfisher, Plaintiffs have suffered damages in an amount to be proved at trial, but in no circumstances less than $75,000, and Plaintiffs are further entitled to its costs.

**Count VI:  Unjust Enrichment**

72. Plaintiffs incorporate Paragraphs 1-53, *supra*.

73. The allegations of Paragraphs 1-53, *supra*, state a cause of action for Unjust Enrichment against the City of Kingfisher.

74. As a result of the wrongful acts of all Defendants, except the City of Kingfisher, Plaintiffs have suffered damages in an amount to be proved at trial, but in no circumstances less than $75,000, and Plaintiffs are further entitled to its costs.

## **RELIEF SOUGHT**

WHEREFORE, Plaintiffs respectfully request that:

1. Judgment be entered against each Defendant for damages in an amount to be proved at trial for injuries suffered by Plaintiffs by reason of each Defendant's conduct, together with interest as permitted by law, attorney's fees, and costs;

2. Judgment be entered jointly and severally against all Defendants, other than the City of Kingfisher, for treble the amount of Plaintiffs' damages to be proved at trial for injuries suffered by Plaintiffs by reason of defendants' violation of the Racketeer Influenced and Corrupt Organization Act, together with interest as permitted by law, attorney's fees, and costs; and

3. The Court award such other and further relief to which Plaintiffs my show themselves entitled.

*Respectfully submitted*,

*/s/ R. Charles Wilkin III*

R. Charles Wilkin, OBA No. 18491
Audra K. Hamilton, OBA No. 17872
GLASSWILKIN pc
1515 S. Utica Ave., Suite 250
Tulsa, Oklahoma  74104
Telephone:  (918) 582-7100
Telecopier:  (918) 582-7166
ATTORNEYS FOR PLAINTIFF
CHRIS POINDEXTER and
PRIDEX CONSTRUCTION LLC